IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEXAS STAR NUT AND FOOD CO., § <br> INC. d/b/a NATURE'S EATS § <br> § <br> VS. § <br> § <br> BARRINGTON PACKAGING SYSTEMS § <br> GROUP, INC. § | | CASE NO.   5:21-cv-00444-JKP |

**DEFENDANT'S MOTION TO TRANSFER VENUE, MOTION TO COMPEL ARBITRATION AND STAY OR DISMISS PROCEEDINGS, SUBJECT TO MOTION TO TRANSFER VENUE AND ANSWER SUBJECT TO MOTION TO TRANSFER VENUE AND MOTION TO COMPEL ARBITRATION**

TO THE HONORABLE COURT:

Defendant Barrington Packaging Systems Group, Inc., ("Barrington") files this Motion to Transfer Venue, Motion to Compel Arbitration and Stay or Dismiss Proceedings, Subject to Motion to Transfer Venue, and Answer Subject to Motion to Transfer Venue and Motion to Compel Arbitration, and would respectfully show the Court as follows:

## I.
## BACKGROUND

Plaintiff Texas Star Nut and Food Co., Inc. d/b/a Nature's Eats ("Nature's Eats") filed suit on April 1, 2021. On May 4, 2021, Defendant removed this case to federal court based on diversity jurisdiction. (Doc 1, Notice of Removal).

The parties entered into a contract in April 2020 for the sale of a customized bagging machine to bag nuts, snacks, and baking ingredients produced by Nature's Eats. Nature's Eats

Defendant's Motion to Transfer Venue, Motion to Compel Arbitration                                       Page 1 of 10
And Stay or Dismiss Proceedings Subject to Motion to Transfer Venue, and
Answer Subject To Motion to Transfer Venue and Motion to Compel Arbitration

alleges that Barrington failed to deliver a fully operational bagging machine, and filed suit in state court for breach of contract, DTPA violations, fraud, and negligent misrepresentation.

The parties' contract for the bagging machine, which was executed by both parties, contains a choice of jurisdiction and law clause and arbitration clause as follows:

> 15. LEGAL JURISDICTION. The rights and duties of all persons and the construction and effect of all provisions hereof shall be governed and construed according to the laws of Illinois. Any claims or disputes related to the terms and conditions herein shall be finally settled by binding arbitration in Chicago, Illinois. In no case shall the Seller's liability exceed the cost of the original equipment and/or service provided by the Seller.

> 16. STANDARD ARBITRATION CLAUSE. Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by arbitrator(s) may be entered in any Court having jurisdiction thereof.

**Exhibit A**, Contract.

Because the arbitration agreement is enforceable and this dispute falls squarely within the scope of the arbitration agreement, Barrington asks this Court to transfer venue to the Northern District of Illinois, in order that such Court may compel arbitration in Chicago as agreed to by the parties. Subject to the motion to transfer venue, Barrington asks this Court to compel arbitration in Chicago as agreed to by the parties, and to stay or dismiss this proceeding pending arbitration.

## II.
## MOTION TO TRANSFER VENUE

Pursuant to 28 USC §1404(a), Defendant Barrington requests that the Court transfer venue of this suit to the United States District Court for the North District of Illinois, Chicago Division, in order that such Court may compel arbitration in Chicago. The parties' contract contains a mandatory choice of law and forum selection clause. (**Exhibit A**, Contract). The parties agreed

Defendant's Motion to Transfer Venue, Motion to Compel Arbitration                                              Page 2 of 10
And Stay or Dismiss Proceedings Subject to Motion to Transfer Venue, and
Answer Subject To Motion to Transfer Venue and Motion to Compel Arbitration

that any disputes shall be governed by Illinois law. *Id.*

## III.
## MOTION TO COMPEL ARBITRATION SUBJECT TO MOTION TO TRANSFER VENUE

Subject to its motion to transfer venue, and pursuant to the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*, Defendant Barrington respectfully moves this Court to compel arbitration of the claims asserted by Plaintiff, and to stay and abate or dismiss these proceedings pending arbitration pursuant to the parties' agreement to arbitrate. Here, the parties agreed to submit disputes to arbitration, the arbitration provisions are valid and the provisions clearly apply to the subject matter of this lawsuit.

This Motion to Compel is filed pursuant to and governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. See, *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 179 L.Ed.2d 742 (2011); *In re U.S. Home Corp.*, 236 S.W.3d 761 (Tex. 2007); *In re Bank One, N.A.*, 216 S.W.3d 825 (Tex. 2007); *In re First Merit Bank, N.A.*, 52 S.W.3d 749 (Tex. 2001); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 91 (Tex. 1996). Under the Federal Arbitration Act ("FAA"), Congress declared a national policy favoring arbitration and withdrew the power of states to require a judicial forum for the resolution of claims if the parties had agreed to arbitrate. *Id.* The United States Supreme Court recently noted, "our cases place it beyond dispute that the FAA was designed to promote arbitration. They have repeatedly described the Act as 'embod[ying] [a] national policy favoring arbitration,' and 'a liberal federal policy favoring arbitration agreements…'" *ATT Mobility LLC v. Concepcion*, at 131 S. Ct. 1740, 179 L.Ed.2d 742, 755. The FAA requires courts to direct the parties to proceed to arbitration when they have a written agreement to do so. *Id.;* see *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241 (1985); see also,

Defendant's Motion to Transfer Venue, Motion to Compel Arbitration
And Stay or Dismiss Proceedings Subject to Motion to Transfer Venue, and
Answer Subject To Motion to Transfer Venue and Motion to Compel Arbitration

Page 3 of 10

*First Merit Bank*, 52 S.W.3d at 754.

Arbitration is strongly favored under both federal and Texas law. See, *In re Bank One*, 216 S.W.3d at 826; *First Merit Bank*, 52 S.W.3d at 753-54; *EZ Pawn Corp.*, 934 S.W.2d at 90. Any doubts concerning the scope of arbitrable issues must be resolved in favor of arbitration. *In re Rubiola*, 334 S.W.3d 220, 225 (Tex. 2011); *First Merit Bank*, 52 S.W.3d at 754; *see also*, *Moses M. Cone Memorial Hosp. v. Mercury Const. Corp.*, 103 S. Ct. 927, 941 (1983). Further, the opposing party to an arbitration agreement bears the burden of defeating it. *In re Poly-America, L.P.*, 262 S.W.3d 337 (Tex. 2008); *First Merit Bank*, 52 S.W.3d at 756; *Prudential Sec., Inc. v. Marshall*, 909 S.W.2d 896, 900 (Tex. 1995). A trial court has no discretion but to compel arbitration and stay its own proceedings, if there is a valid arbitration agreement which encompasses the non-movant's claims. *See First Merit Bank*, 52 S.W.3d at 754.

The Fifth Circuit has taken the position that a district court may compel arbitration in the place specified in an arbitration agreement even if that locale is outside the court's geographical district. *See Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275, 1276, 1279 (5th Cir. 1975) (recognizing Mississippi district court's order directing parties to proceed with arbitration in New Jersey was contrary to express terms of FAA § 4, but finding district court acted correctly where plaintiff sought to avoid arbitration by bringing suit in Mississippi, rather than in the contractually agreed place of New Jersey, and defendant sought arbitration under terms of agreement). Accordingly, Barrington asks this Court to compel arbitration in Chicago, but in the event that this Court declines to compel arbitration outside the Court's geographical district, the Court should transfer this case to the Northern District of Illinois.

Defendant's Motion to Transfer Venue, Motion to Compel Arbitration
And Stay or Dismiss Proceedings Subject to Motion to Transfer Venue, and
Answer Subject To Motion to Transfer Venue and Motion to Compel Arbitration

Page 4 of 10

1. **<u>An enforceable arbitration agreement exists.</u>**

Plaintiff's claims stem entirely from the parties' contract for sale of the bagging machine. (**Exhibit A**, Contract). Specifically, the Contract provides:

> 15.   LEGAL JURISDICTION.  The rights and duties of all persons and the construction and effect of all provisions hereof shall be governed and construed according to the laws of Illinois.  Any claims or disputes related to the terms and conditions herein shall be finally settled by binding arbitration in Chicago, Illinois.  In no case shall the Seller's liability exceed the cost of the original equipment and/or service provided by the Seller.
>
> 16.   STANDARD ARBITRATION CLAUSE.  Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by arbitrator(s) may be entered in any Court having jurisdiction thereof.

**Exhibit A**, Contract.

The FAA requires the court to summarily order the parties to arbitrate if it finds that there is a written arbitration agreement and that the opposing party failed to proceed under the agreement.  *See Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (federal courts consider whether there is a valid arbitration agreement between the parties, whether the dispute in question falls within the scope of the arbitration agreement, and whether other legal constraints external to the parties' agreement foreclose arbitration).  In this case, there is a valid arbitration agreement between the parties, and the dispute in question falls within the scope of the arbitration agreement. Accordingly, the Court should compel arbitration.

2. **<u>The claims asserted herein fall within the arbitration agreement</u>.**

The agreement to arbitrate clearly encompasses the disputes alleged by Nature's Eats because the parties agreed to arbitrate **"any controversy or claim arising out of or relating to**

Defendant's Motion to Transfer Venue, Motion to Compel Arbitration                                                                Page 5 of 10
And Stay or Dismiss Proceedings Subject to Motion to Transfer Venue, and
Answer Subject To Motion to Transfer Venue and Motion to Compel Arbitration

**this contract, or the breach thereof…"** (**Exhibit A,** Contract). The FAA requires courts to compel arbitration of all legal disputes subject to an agreement to arbitrate, including claims under state law, when a party to the agreement files a motion to compel such arbitration. *First Merit Bank*, 52 S.W.3d at 754; *Cantell & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996); *Mayaja, Inc. v. Bodkin*, 824 F.2d 439, 439-40 (5th Cir. 1987); *Prudential Securities, Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995).

To determine whether a claim falls within the scope of an arbitration agreement, courts look at the terms of the agreement and the factual allegations in the petition, rather than the legal causes of action asserted. *In re Rubiola*, 334 S.W.3d at 225; *First Merit Bank*, 52 S.W.3d at 754 (citing *Marshall*, 909 S.W.2d at 900); *Baumeister v. Fastlane Partners, L.P.*, 2013 Tex. App—LEXIS 1524, *9 (Tex. App.—Fort Worth 2013, n.w.h.). The FAA favors arbitration and any doubts as to whether a claim falls within the scope of an arbitration agreement must be resolved in favor of arbitration. *Marshall*, 909 S.W.2d at 900. Therefore, Plaintiff bears the burden "to show their claims fall outside the scope of the arbitration agreement." *Id.* A court *must* compel arbitration unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the disputed issue. *Id.* (emphasis added).

Here, the arbitration clause clearly encompasses the Plaintiff's claims because all of their claims arise out of and relate to the parties' contract for the bagging machine.

Because the Plaintiff's claims for breach of contract, DTPA violations, fraud, and negligent misrepresentation are clearly encompassed under the above arbitration clause, this Court must compel arbitration and proceedings in this case must be stayed or dismissed pending completion of arbitration. See, e.g., *First Merit Bank*, 52 S.W.3d at 754; *In re Bank One*, 216 S.W.3d at 827;

Defendant's Motion to Transfer Venue, Motion to Compel Arbitration                                                                Page 6 of 10
And Stay or Dismiss Proceedings Subject to Motion to Transfer Venue, and
Answer Subject To Motion to Transfer Venue and Motion to Compel Arbitration

*In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571 (Tex. 1999); *Marshall*, 909 S.W.2d 896 (Tex. 1995).

A motion to stay litigation is a request for the district court to refrain from further action in a suit pending arbitration. *Midwest Mech. Contractors, Inc. v. Commonwealth Constr. Co.*, 801 F.2d 748, 750 (5th Cir. 1986). Under Section 3 of the FAA, a party may move to stay litigation in the federal district court where the litigation is pending "upon any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. The court must grant the stay if there is a written agreement to arbitrate between the parties and the issues raised are within the reach of the agreement. *Midwest Mech. Contractors*, 801 F.2d at 750-51; *In re Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 754 (5th Cir. 1993). If the court decides that all issues in a case must be submitted to arbitration, it may dismiss the case rather than stay it. *Alford v. Dean Witter Reynold, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Accordingly, Barrington asks the Court to stay or dismiss this case pending arbitration.

## IV.
## ANSWER SUBJECT TO MOTION TO TRANSFER VENUE AND MOTION TO COMPEL ARBITRATION

Subject to its Motion to Transfer Venue, and subject to its Motion to Compel Arbitration and Stay or Dismiss Proceedings, Defendant Barrington Packaging Systems Group, Inc. files this Answer to Plaintiff's Original Petition filed in state court on April 1, 2021 filed March 17, 2020 as follows:

### DISCOVERY CONTROL PLAN AND DAMAGES SOUGHT

To the extent Plaintiff contends it is entitled to damages over $250,000, Defendant denies the allegations in Paragraph 2 of Plaintiff's Original Petition.

Defendant's Motion to Transfer Venue, Motion to Compel Arbitration                                                   Page 7 of 10
And Stay or Dismiss Proceedings Subject to Motion to Transfer Venue, and
Answer Subject To Motion to Transfer Venue and Motion to Compel Arbitration

## JURISDICTION AND VENUE

Defendant denies the allegations in Paragraphs 3 and 4 of Plaintiff's Original Petition.

## PARTIES

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Plaintiff's Original Petition and, on that basis, denies them.

With regard to Paragraph 6 of Plaintiff's Original Petition, Defendant admits that it is a Delaware corporation.

## CONDITIONS PRECEDENT

Defendant denies the allegations in Paragraphs 7 of Plaintiff's Original Petition.

## FACTS

Defendant denies the allegations in Paragraphs 8, 9, 10, 11 and 12 of Plaintiff's Original Petition.

## CAUSES OF ACTION (Violations of the DTPA)

Defendant denies the allegations in Paragraphs 13, 14 and 15 of Plaintiff's Original Petition. Defendant also points out that Illinois law applies, and therefore the claims under the Texas DTPA fail.

## CAUSES OF ACTION (Breach of Contract)

Defendant denies the allegations in Paragraphs 16 and 17 of Plaintiff's Original Petition.

## CAUSES OF ACTION (Fraud and Fraudulent Misrepresentation)

Defendant denies the allegations in Paragraphs 18 and 19 of Plaintiff's Original Petition.

## REQUEST FOR JURY TRIAL

Defendant denies the allegations in Paragraph 20 of Plaintiff's Original Petition. The

Defendant's Motion to Transfer Venue, Motion to Compel Arbitration    Page 8 of 10
And Stay or Dismiss Proceedings Subject to Motion to Transfer Venue, and
Answer Subject To Motion to Transfer Venue and Motion to Compel Arbitration

Plaintiff is not entitled to a jury trial because the Plaintiff agreed to arbitration in Chicago, Illinois.

## RULE 193.7 NOTICE

Defendant denies the allegations in Paragraph 21 of Plaintiff's Original Petition. Rule 193.7 of the Texas Rules of Civil Procedure does not apply in this dispute, as the Plaintiff agreed that Illinois law applies to this dispute, and agreed to arbitration in Chicago, Illinois.

## General Denial

Defendant Barrington Packaging Systems Group, Inc. denies generally, all and singular, each and every allegation of fact contained in Plaintiff's Original Petition filed herein and demands strict proof thereof as required by law. Defendant Barrington Packaging Systems Group, Inc. reserves its right to amend this Answer as may be authorized by the Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court transfer this matter to the Northern District of Illinois, Chicago Division, or grant its Motion to Compel Arbitration and Stay or Dismiss Proceedings, and that Defendant be awarded its attorney's fees and costs; and that Defendant be granted such other and further relief, special or general, legal or equitable, to which it may be justly entitled.

Defendant's Motion to Transfer Venue, Motion to Compel Arbitration                                    Page 9 of 10
And Stay or Dismiss Proceedings Subject to Motion to Transfer Venue, and
Answer Subject To Motion to Transfer Venue and Motion to Compel Arbitration

Respectfully submitted,

**MARTIN & DROUGHT, P.C.**
Weston Centre
112 East Pecan Street, Suite 1616
San Antonio, TX 78205
Telephone: (210) 227-7591
Telecopier: (210) 227-7924


*/s/ Mathis B. Bishop*
MATHIS B. BISHOP
State Bar No. 24045500
mbishop@mdtlaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing Defendant's Motion to Transfer Venue, Motion to Compel Arbitration and Stay or Dismiss Proceedings Subject to Motion to Transfer Venue, and Answer Subject to Motion to Transfer Venue and Motion to Compel Arbitration, was sent via electronic notification through the e-filing system, to:

Sylvan S. Lang, Jr.
Meagan M. Gillette
Lang Law Firm, PC
10500 Heritage Blvd., Ste. 200
San Antonio, TX 78216
Email: sylvan@langfirm.com
       meagan@langfirm.com

on this the 11th day of May 2021.

*/s/ Mathis B. Bishop*
MATHIS B. BISHOP

Defendant's Motion to Transfer Venue, Motion to Compel Arbitration      Page 10 of 10
And Stay or Dismiss Proceedings Subject to Motion to Transfer Venue, and
Answer Subject To Motion to Transfer Venue and Motion to Compel Arbitration